IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANA DANIELA MOHAMMADI, | § | |
| *Plaintiff,* | § | SA-18-CA-00896-FB |
| vs. | § | |
| AMTRUST INSURANCE CO., MKR PLUMBING, | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the above-styled cause of action. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#2]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed for want of prosecution.

### I. Procedural Background

Plaintiff Dana Daniela Mohammadi, proceeding *pro se*, originally filed this action in the 57th Judicial District Court for Bexar County, Texas on July 24, 2018. (Orig. Pet. [#1-2] at 1.) Plaintiff's Original Petition sues Defendants MKR Plumbing and AmTrust Insurance Co. ("AmTrust") for breach of contract, quantum meruit, promissory estoppel, negligent

misrepresentation, and constructive trust.[1]  (*Id.* at 3–7.)  These claims arise out of a plumbing job performed by MKR Plumbing inside a Family Dollar Store located in San Antonio in October 2017.  (*See id.*)

AmTrust removed the lawsuit to this Court based on diversity jurisdiction on August 29, 2018.  (Notice of Removal [#1].)  The undersigned promptly set this case for an Initial Pretrial Conference for November 6, 2018 and ordered the parties to submit a proposed scheduling order pursuant to Local Rule CV-16(c) no later than November 5, 2018 [#3].  The Clerk sent a copy of the Order to each party, AmTrust via CM/ECF and Plaintiff via first class mail at the address on file with the Clerk's Office (6434 Mineral Bay).  AmTrust filed a proposed scheduling order on November 5, 2018 in accordance with the Court's Order [#4].  Plaintiff did not file her own proposal or join in AmTrust's recommendations.

The Court held the Initial Pretrial Conference on November 6, 2018 as scheduled.  AmTrust was the only party to appear at the conference.  Plaintiff did not contact the Court prior to or during the conference to explain her absence.  After the hearing, the Court rendered an Order directing Plaintiff to show cause for her absence by filing an advisory with the Court on or before November 29, 2018 [#6].  The Order warned Plaintiff that her failure to comply with the Court's Order could result in sanctions, up to an including dismissal of her lawsuit.  *See* Fed. R. Civ. P. 41(b).  The Order also ordered Plaintiff to update the Court with her current mailing address, telephone number, and email address.  Additionally, the Court ordered AmTrust to brief the Court on whether the pleadings in Plaintiff's Petition demonstrate that AmTrust can satisfy the amount-in-controversy requirement for purposes of diversity jurisdiction, 28 U.S.C. § 1332,

---

[1] Plaintiff names additional Defendants in the body of her Petition—Jason Smith, Kirk Nielsen, and AmTrust Financial Services—none of which are included in the caption of her Petition.  There is no evidence in the state-court record that these Defendants or MKR Plumbing were ever served with a copy of Plaintiff's Petition and summons.

2

by November 29, 2018. Finally, the Court ordered the parties to jointly confer before December 7, 2018 in accordance with Rules 16 and 26 of the Federal Rules of Civil Procedure and within seven days of the conference file a Rule 26(f) Conference Report with the Court confirming Plaintiff's participation in the conference.

The Clerk mailed the Order via first class mail to Plaintiff at two separate addresses on file (6434 Mineral Bay and 5903 Danny Kaye Drive, #606), and the return receipts indicated Plaintiff received the mailings sometime before November 13, 201 [#9, #10]. AmTrust filed its brief on diversity jurisdiction on November 29, 2018 as ordered by the Court [#11], and the Court is satisfied that the amount-in-controversy requirement is satisfied and AmTrust has met its burden to establish jurisdiction in this case. *See* 28 U.S.C. § 1332. Plaintiff did not respond to the show cause order by November 29, 2018, and there is no indication in the record that the parties were able to hold their Rule 26(f) conference by December 7, 2018. Furthermore, on December 13, 2018, AmTrust filed an Advisory to the Court [#12] stating that Plaintiff failed to provide an offer of settlement by the date set forth in the Court's Scheduling Order.

## II. Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute or for failure to comply with the federal rules or any court order. Fed. R. Civ. P. 41(b). Although the rule speaks of dismissal pursuant to a motion by the defendant, a district court may dismiss an action *sua sponte*, with or without notice to the parties. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* at 401 (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Plaintiff has failed to comply with multiple court orders—to submit proposed scheduling recommendations,

3

to appear at an initial pretrial conference, to show cause for the failure to appear, to conduct a Rule 26(f) conference with AmTrust, to update the Court with her most recent address, and to submit a written offer of settlement to AmTrust. Because Plaintiff failed to respond to the Court's explicit show-cause Order, and otherwise has given the Court no indication of her intent to prosecute the case or to comply with this Court's Orders, her lawsuit should be dismissed for want of prosecution.

### III.  Conclusion and Recommendation

**IT IS THEREFORE RECOMMENDED** that the above-styled cause of action be **DISMISSED FOR WANT OF PROSECUTION.**

### IV.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to

file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 14th day of December, 2018.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE